A. W. BAKER, Appellant, v. W. P. ROBINSON *et al.*, Respondents.

Kansas City Court of Appeals, November 20, 1893.

**Partnership:** SALE OF PARTNER'S INTEREST: ACTION AT LAW. A partner may sell to his copartners his interest in the partnership and recover the purchase price in an action at law, and this too, whether such interest is incumbered or unincumbered by the condition of the partnership or whether its amount is fixed or the price thereof agreed upon.

*Appeal from the Chariton Circuit Court.*—HON. O. F. SMITH, Special Judge.

REVERSED AND REMANDED.

*A. W. Johnson* and *Crawley & Son* for appellant.

(1) A sale by one partner to his copartners of his entire interest in the assets and business of the firm, works *ipso facto* a dissolution of the partnership. *Spaunhaust v. Link*, 46 Mo. 197; *Allen v. Logan*, 96 Mo. 591.   (2) Previous to such dissolution the present demand had no existence.   It is not a demand arising out of a partnership transaction, nor would an accounting or settlement of the partnership affairs embrace it, or affect it in any way.   In such cases the authorities

uniformly hold that the rule forbidding one partner to sue his copartner at law, has no application. *Ham v. Hill*, 29 Mo. 275; *Whitehill v. Shickle*, 43 Mo. 537; *Burress v. Blair*, 61 Mo. 133; *Powers v. Braley*, 41 Mo. App. 556; *Kinney v. Robison*, 52 Mich. 589; *Mitchell v. Wells*, 54 Mich. 127; *Pardee v. Markle*, 111 Pa. St. 548; *Fay v. Finley*, 14 Phila. (Pa.) 206; *Wells v. Carpenter*, 65 Ill. 447; *Merriwether v. Hardeman*, 51 Tex. 436.

*C. Hammond & Son* for respondents.

(1) In Missouri the rule has been strictly adhered to, that, when there has been no settlement of accounts and no balance ascertained, one partner cannot maintain *assumpsit* against another. These principles of law relating to partnerships are elementary and have been reiterated in an unbroken line of decisions in all the states. In Missouri, especially, the courts have steadily adhered to the rule here announced. *Stothert v. Knox*, 5 Mo. 112; *Springer v. Cabell*, 10 Mo. 640; *McKnight v. McCutchen*, 27 Mo. 436; *Russell v. Grimes*, 46 Mo. 413; *Scott, Adm'r, v. Caruth*, 50 Mo. 120. (2) The pretended sale in this case was at most but an effort to come to a settlement, ascertain the value of plaintiff's interest and "strike a balance," but it never was done, by plaintiff's own admission, and the court very properly sustained defendants' demurrer to the evidence.

ELLISON, J.—Plaintiff seeks by this action at law to recover of defendants the purchase price of his interest as one of the partners in a firm known and styled the "State Planing Mill Company." At the close of the evidence for plaintiff, the court sustained a demurrer thereto. Plaintiff took a nonsuit with

leave; and the court refusing to set it aside, he brings the case here.

The contention on the part of the defendants is that, since plaintiff and the defendants were partners, and there has been no settlement of the partnership affairs, no action at law will lie between the partners. We have not so much fault to find with the different propositions of the law of partnership which is advanced to us by defendants as we have with the attempt to apply these propositions to facts which the evidence tended to establish. There was evidence tending to prove that plaintiff and defendants entered into a partnership; that plaintiff put into the partnership fund two lots, which he valued at $200, and $425 in money; that one of the defendants put in a sum of money and another of them another sum, while the two others put in little or nothing aside from labor. After the partnership had been running for some considerable period of time, plaintiff concluded he would sell out his interest and withdraw from the firm. He made known his intentions to the other partners (these defendants) and proposed to sell to them. Plaintiff testified that: "I told them what I would take for my interest; that was what I put in; lots valued at $200, cash $425, making $625, and reasonable wages for my labor. That was my proposition, and they accepted it." That, thereupon, plaintiff retired from the firm and defendants remained in possession of the property and prosecution of the business for themselves—not considering or recognizing plaintiff any further. That they, shortly after the purchase, published the following notice in the *Salisbury Press-Spectator:*

"NOTICE OF RETIRING.

"Notice is hereby given to all that Mr. A. W. Baker is no longer connected with the Star Planing

Mill Co., of Salisbury, Mo., having sold his entire interest to the company. All outstanding accounts will be paid by the company and all debts must be paid to it.

"Star Planing Mill Co.

"Sept. 21st, 1892."

If these matters are facts which can be established (and we must take them as established on the case as presented here), plaintiff ought, unquestionably, to recover the value of his lots, as agreed, and the $425 cash as well as such sum as can be shown to be the reasonable value of his services. One partner may sell to his copartners his interest in the partnership and recover the purchase price in an action at law. It makes no difference whether that interest be great or small—whether it be incumbered by declining trade, partnership debts and unsettled accounts, or whether it be a flourishing business established on a wide and well-earned reputation and earning large profits. This is the sum and substance of plaintiff's contention and it should have prevailed.

The fact that the value of his labor was not named; or, indeed, if the value of the lots was not fixed upon, will not hinder plaintiff's action. There is no legal hindrance to one selling and delivering his property to another at a price to be thereafter fixed.

As before intimated, we are not unmindful of the propositions of law and equity as to the adjustment and settlement of partnership affairs, and of the right of action which does or does not lie between partners; but those considerations do not arise in this case so far as we are now at liberty to consider it. This case as made by plaintiff in no way involves or concerns the partnership accounts, and does not in any manner require an inquiry as to them.

The judgment will be reversed and the cause remanded. All concur.