MACK v. WURMSER, *Appellant.*

Division Two, June 16, 1896.

1. **Appellate Practice**: REVIEW OF FINDING OF FACTS: PARTNERSHIP. Where the plaintiff alleges a partnership which the defendant denies, and the finding of the trial court is against the plaintiff, he can not, on defendant's appeal, have such finding reviewed.

2. **Contract:** INTERPRETATION: LOAN. Plaintiff, who was the manager of defendant's business, agreed to "contribute" $5,000 to the business in consideration of one eighth of the profits which defendant guaranteed should amount to $4,000 annually. *Held,* that the agreement was not a loan of the $5,000 so as to entitle plaintiff to recover the same on the severance of his connection with the business.

3. **Equity Practice:** REFEREE. The trial court may, in an equitable suit, review the various items contained in a referee's report and allow or reject the same as it may deem proper.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED IN PART; AFFIRMED IN PART.

*R. H. Field* and *Leon Block* for appellant.

(1) The decree is not supported by any evidence and is against the evidence. Plaintiff's evidence repeated and reiterated was that he had purchased a one eighth partnership; that he had bought one eighth of the real estate and all the assets. Defendant's evidence is that plaintiff had for this $5,000 purchased one eighth of the profits and this $4,000 guaranty. The competent evidence all substantiated the claim of the defendant. The court by this decree overthrew all this and made a contract for the parties that neither of them ever intended to make. The court had no such power. *Oliver v. Ins. Co.,* 2 Curtis (U. S.), 298; *Ladwig v. Haase,* 54 Wis. 311; *Hunt v. Rousmanaire,* 1 Peters (U. S.), 114; *Norton v. Bohart,* 105 Mo. 616. By virtue of the contract the $5,000 "contributed" by plaintiff became defendant's. *Evans v. Hanson,* 42 Ill. 234; *Ball v. Farley,* 81 Ala. 258. (2) Mack, not having paid the $5,000, or (what amounts to the sane thing) not having paid the note given therefor, and which, as part of the same transaction, he had agreed to pay, can not recover. *Corby v. Bean,* 44 Mo. 379; 1 Pomeroy's Equity Jurisprudence, sec. 387, p. 423,

and sec. 388, p. 424; *Kline v. Vogel*, 90 Mo..239; *Deichman v. Deichman*, 49 Mo. 107; *Phillips v. Phillips*, 50 Mo. 603; *Mastin v. Halley*, 61 Mo. 196. As he can not prove performance of the contract on his part, he could not recover even at law. *Billups v. Daggs*, 38 Mo. App. 367. (3) This being a suit in equity, is of course subject to review by the supreme court, is substantially triable *de novo* by this court, and this court is not bound by the finding of the lower court. *Blount v. Spratt*, 113 Mo. 48; *Knapp v. Knapp*, 29 S. W. Rep. 885; *Likins v. Likins*, 122 Mo. 279; *Lawless 'v. Lawless*, 47 Mo. App. 523; *King v. Barnes*, 109 N. Y. 267; 3 Pomeroy's Equity, sec. 1421, note on page 473. See, also, *Nelson v. Betts*, 21 Mo. App. 219.

*Henry Wollman, James S. Bottsford,* and *Alexander New* for respondent.

(1) "Where the writing does not exhibit on its face, or purport to be, a complete expression of the entire contract between the parties, parol evidence is admissible to explain and supply its omissions. *Rollins v. Claybrook*, 22 Mo. 407; *Moss v. Green*, 41 Mo. 389; *Briggs v. Munchon*, 56 Mo. 467; 1 Greenl. Ev., sec. 284a; *Ellis v. Bray*, 79 Mo. 227." *Norton v. Bohart*, 105 Mo. 633. (2) The word "contribute" which is used in the instrument, does not show whether Mack contributed his $5,000 as a loan, or to a partnership. It certainly was not used in the sense of making a gift to Wurmser. (3) In this case the writing is ambiguous, because it does not show whether Mack contributed his money as a partner or as a lender, and consequently parol testimony was properly admissible to show the circumstances under which he contributed it. Besides this, the defendant did not object to any parol testimony going in. *Brolaski v. Aal*, 55 Mo. App. 197;

*Ziegler v. Fallon*, 28 Mo. App. 299. (4) Parol testimony showing the previous conversation was let in, not for the purpose of making a new contract, but for the purpose of showing what was omitted from the writing, what the ambiguities meant, and by the surrounding circumstances what the parties intended at the time they entered into the transaction. *Nichols v. Boswell*, 103 Mo. 161. (5) The decree for Mack was equitable and just and appellant has no just ground of complaint.

GANTT, P. J.—The original petition in this case was a suit to dissolve a partnership between plaintiff and defendant in an extensive furniture stock and business in Kansas City, Missouri, and prayed for an accounting and the appointment of a receiver. The partnership was denied by the defendant in his answer.

The claim that there was a partnership and the right of recovery in this action grows out of the following instrument:

"KANSAS CITY, Mo., January 10, 1888.

"It is hereby agreed between the undersigned that in consideration of Julius S. Mack contributing $5,000 to the firm of A. C. Wurmser & Co. he is to receive one eighth of the annual profits of said firm and said firm furthermore guarantee that his share shall amount to the sum of $4,000 annually.

"A. C. WURMSER & Co.
"JULIUS S. MACK."

It was averred in the petition that at the end of each year defendant notified plaintiff as to the amount of plaintiff's one eighth of the profits and plaintiff drew the same, as follows: For the year 1888, $4,651; for the year 1889, $4,000; for the year 1890, $4,000; for the year 1891, $2,500.

On January 1, 1892, plaintiff voluntarily quit the service of defendant.

Plaintiff construed the contract as constituting him a partner, whereas defendant construed it simply as a contract for a share of the profits. The circuit court found there was no partnership and gave judgment accordingly. From that judgment plaintiff did not appeal.

Upon the development of the facts, however, the plaintiff, upon an intimation from the circuit court, added a new count to his petition in substance as follows: That on January 1, 1888, Mack loaned Wurmser, who was carrying on a furniture business in Kansas City, the sum of $5,000, and it was agreed between Mack and Wurmser that, as annual compensation for the use of the same and for the services of Mack in and about the business of Wurmser & Company, Mack should annually receive from Wurmser one eighth of the profits of said business and which Wurmser agreed should in no year be less than $4,000 and guaranteed that in each year the same should be at least $4,000; that Mack performed the agreement on his part and performed such services as were required during 1888, 1889, 1890, and 1891; that on January 1, 1892, Mack quit the service of Wurmser; that Mack had received the amounts hereinbefore set forth, but there were a large amount of profits not accounted for and although often demanded by Mack, Wurmser refuses to account therefor; that Mack has demanded return of the $5,000 so loaned to Wurmser, but Wurmser refuses to repay it, and concluding with a prayer requiring Wurmser to account, and for judgment for the $5,000, with interest from January 1, 1892.

In his reply Wurmser denied the loan altogether. Averred the $5,000 was part of the consideration for purchase of part of the profits. The reply also set up

that Wurmser, in order to enable Mack to get the $5,000 to purchase said interest in the profits, indorsed Mack's note for that sum to Mack's intended father-in-law; that Mack had only paid $2,000 on said note and Wurmser was still liable thereon for $3,000.

Upon the evidence the court rendered the following judgment and finding:

The court found that Mack and Wurmser were not partners as charged in the first count of the petition, but that Mack advanced said $5,000 to Wurmser by way of a loan for use in the said business, and that as compensation for the use of said $5,000 so advanced and loaned to Wurmser by Mack, and by way of compensation to Mack for his services as head salesman and general manager in charge of the sales department, that Wurmser was to pay annually to Mack one eighth of the annual profits of said business. And the court found that Wurmser was indebted to Mack for said $5,000, and that Wurmser was also indebted to Mack in the sum of $1,650 on account of profits not accounted for or paid over by Wurmser to Mack. That portion of the judgment which was for Mack reads as follows:

"The court finds the issues for the plaintiff on the second count of the petition; and the court finds the issue for the defendant on the first count of the petition; that defendant has failed to account to plaintiff for plaintiff's one eighth of the profits of A. C. Wurmser & Company for each of the years of 1888 and 1889, which was the duty of defendant to do, and defendant is indebted to plaintiff for such profits not accounted for or paid to plaintiff; and that plaintiff is entitled to a decree against defendant therefor. The court further finds that one eighth of the profits of the firm of A. C. Wurmser & Company, mentioned in the pleadings, was paid by defendant to

plaintiff as compensation for plaintiff's services as an employee of said firm, and for the use by the defendant of the five thousand dollars ($5,000) mentioned in the petition and in the contract dated January 10, 1888, set out therein, which sum of five thousand dollars ($5,000) the court finds was advanced by plaintiff to defendant by way of a loan, to be repaid to plaintiff by defendant, and that defendant is indebted to plaintiff in said last amount thereof, and that plaintiff is entitled to a further decree against defendant therefor. The court further finds that plaintiff ought to recover from defendant the sum of six thousand, six hundred and fifty dollars ($6,650), the amount owing by the defendant to plaintiff for said loan and profits not accounted for or paid over by defendant to plaintiff. It is further considered, adjudged, and decreed by the court that plaintiff recover from defendant the sum of $6,650, with interest from this date at six per cent per annum, together with the costs of this suit, and that execution issue therefor.''

Wurmser appealed from this judgment on second count.

1. The learned counsel for respondent Mack has devoted much space in his brief and argument to show that Mack was a partner in the firm of Wurmser & Company, but the circuit court found against this claim of Mack and rendered judgment accordingly. From that finding and judgment plaintiff has not appealed, and his failure to do so precludes all inquiry by this court into the correctness of that action. *Ingraham v. Dyer*, 125 Mo. 491.

II. Can the decree for plaintiff on the second count be sustained upon the conceded facts of the case? Is there any evidence that plaintiff loaned defendant the $5,000? Excluding from consideration

the evidence of plaintiff that it was a partnership, because that fact was found against him by the circuit court and he did not appeal, is the language of the agreement fairly susceptible of the construction given it by the learned circuit court.

If we give the word "contribute" the meaning of subscribing to the capital of the partnership, it is inconsistent with the idea of *a loan*. By contributing in that way the partnership or corporation becomes the absolute owner of the money so "contributed," and the party so paying it in becomes the owner of an interest in the business or shares in the corporation. In other words he *buys* an interest in the business but in no sense can it be called *a loan*.

Of course respondent is correct in saying that it would be a most unnatural construction to say this $5,000 was a *gift*, in the ordinary sense of that word. *The writing is indefinite only as to time.* Had Wurmser agreed to guarantee the $4,000 annually for a definite number of years the claim now so eloquently urged in regard to the possible hardship that might have resulted to Mack had he died in one year or been discharged at the end of the first year, would have been unavailable. But we do not think that such considerations can alter the meaning of the language used and the case now presents no hardship as it is plain that Mack did reap the benefit of an agreement, exceedingly favorable to him, for four years and finally quit the service of his own accord. Both parties gave the contract a practical construction. Wurmser made good his guaranty for three years and there was a mutual agreement to the reduction to $2,500 the fourth year.

Considering Mack's services were only worth $1,500 a year, and that the money was worth ten per cent, he

does not appear to have lost anything. Had it been a loan the result would have been:

| | |
|---|---:|
| Loan | $5,000 |
| Interest ten per cent 4 years | 2,000 |
| Salary four years. | 6,000 |
| | $13,000 |

As a matter of fact he received for the four years:

| | |
|---|---:|
| For 1888 | $4,651 |
| For 1889 | 4,000 |
| For 1890 | 4,000 |
| For 1891 | 2,500 |
| | $15,151 |
| | $13,000 |
| A gain of | $2,151 |

So that it seems idle to speculate what injustice might have flowed from Mack's neglect to specify the number of years the guaranty should continue. It did continue four years and none of the possible hardships happened and he himself put an end to the agreement.

The omission to state how long the guaranty should last did not affect the contract. Plaintiff took that risk. It is not the duty nor is it in the power of the courts to make contracts for parties or supply their oversights or omissions. No sound principle of law requires us to reach back now and ascribe an unnatural meaning to an ordinary word because a loosely drawn agreement was made by plaintiff. We are bound to ascribe to words their ordinary signification and we do not think "contribute" in this contract meant "loan." It is inconsistent with the other terms of the instrument and the parties practically construed it otherwise and we think properly.

If follows that the circuit court erred in so construing the contract, and for this error the judgment must be reversed.

III. The only remaining point is whether the balance of the judgment is erroneous.

This being a suit in equity it was entirely competent for the circuit court to pass upon the various items of the referee's finding and account and allow or reject it as good conscience and equity required.

We have gone through the various items and we think the court correctly refused to charge Mack with moneys disbursed by Wurmser to his father. This was no just part of the expense account.

We think the business on which Mack was to have one eighth was the business of Wurmser and Louis when Louis retired. Mack received no salary after January 1, 1888, and the business began as it existed that day.

Without burdening this opinion with a discussion of each item, we find no error in the adjustment of the court which resulted in a finding for Mack on the profits of the business not accounted for, of $1,650.

We also agree with the circuit court that Mack should not be allowed to recover this until he adjusts the liability of Wurmser to Mack's father-in-law on the note on which Wurmser indorsed for Mack.

It follows that so much of the judgment as awarded Mack the $5,000 paid into the firm and interest thereon is reversed and that the balance of the judgment for $1,650 with interest is affirmed. SHERWOOD and BURGESS, JJ., concur.