SEABOARD NATIONAL BANK OF NEW YORK, Assignee of BARBER ASPHALT PAVING COMPANY, Appellant, v. FREDERICK WOESTEN et al., Respondents.

St. Louis Court of Appeals, December 15, 1896; Supplemental Opinion, January 2, 1897.

1. Actions: SPECIAL TAX BILL: COGNIZANCE: WEIGHT OF EVIDENCE: INSTRUCTIONS. An action on a special tax bill was originally one at law, but when defendant interposed an equitable defense going to plaintiff's entire claim with a prayer for relief which a court of equity only could grant, it became triable as a suit in equity, subject to review, on appeal, on the weight of the evidence, and not on declarations of law.

2. Contract, Void, Recovery for Work Under: ESTOPPEL. The fact that defendants were passive, and did nothing to warn plaintiff's assignor that they would resist payment for the work, could avail plaintiff nothing by way of estoppel, where the work was done upon a public street under a void ordinance or contract, and, as held in the Verdin case, the void and valid parts of the contract were not separable, so as to enable plaintiff to recover in part. 131 Mo. 26.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED; but certified to supreme court.

No briefs filed.

ROMBAUER, P. J.—The trustees of one Verdin heretofore brought an action in equity in the circuit court of the city of St. Louis. They filed a bill seeking to enjoin the city and its officers from issuing special tax bills for street improvements against certain property situated on Jefferson avenue and under their control, stating that the contract under which the

work was done was void, and that the bills, if issued, would constitute a cloud upon their title. Some of the defendants demurred to the bill on the grounds that the case was not one of equitable cognizance falling within the class of casting a cloud upon a title, and on the further ground that the facts stated in the bill, if true, did not entitle plaintiffs to equitable relief. The trial court sustained the demurrer, and the plaintiffs declining to plead further, judgment was entered against them on the demurrer. They appealed to the supreme court, where the case was very fully argued before the court *in banc*, and that court by a vote of four to three decided that the plaintiffs were entitled to the equitable relief they sought upon the facts stated in their petition.

The points thus decided by a majority of the supreme court, as far as they have any bearing upon the points arising on the appeal in the case at bar, may be summarized as follows:

*First.* The contract under which the work was done was void, because it included in one letting, had upon one bid, the reconstruction of the street, and its maintenance in good condition for a number of years after the completion of the work. Under the charter of the city the abutting owner's property was liable for the cost of reconstruction, but the city was responsible for the cost of the maintenance of the work thereafter as maintenance in that connection could not be distinguished from repair. As it appeared by the allegations of the bill that the agents of the city had limited the cost which a bidder would be allowed for maintenance, the unavoidable result was an increase in the bid for reconstruction. This was all the more prejudicial to the plaintiffs since the work was to be done by Trinidad asphaltum, which shut out all competition, it appearing by the allegations in the bill that the Barber

Asphalt Paving Company to whom the contract in question was awarded, controlled exclusively the material of Trinidad asphaltum.

*Second.* That if the contract was void under the charter for want of authority in the city to enter into it, plaintiff's property could not be held liable for any part of the work. In the propositions thus stated BURGESS, GANTT, MACFARLANE, and BARCLAY, JJ., concurred. *Verdin v. City of St. Louis*, 131 Mo. 26.

We have made this preliminary statement for the purpose of showing to what extent we are necessarily precluded from examining the merits of the present controversy by the decision of the supreme court in that case.

The case at bar is an action upon a special tax bill which was issued to the contractor, the Barber Asphalt Paving Company, and which was assigned by said company to the plaintiff. The answer is a general denial, and contains also a cross bill, praying that the tax bill sued on may be declared null and void for reasons stated in the cross bill. The affirmative relief is claimed in part on the strength of the following allegations of the cross bill:

*Second.* That the ordinance required the work of reconstruction and maintenance after reconstruction to be advertised, let, and contracted for together, and in this case that it was done, and the same contractor secured both contracts, whereas they were separate and independent pieces of work, should have been let separately, inasmuch as the property owners were only bound for the work of reconstruction and the city alone for the maintenance or repairs. That this mode was recommended by the board of public improvements by virtue of the provisions of section 542, Revised Ordinances of 1887, and that this section is in

conflict with sections 14, 15, 17, 18, 24, 27, and 28 of the charter.

*Third.* That the board of public improvements, instead of submitting the work of repair and maintenance under ordinance 16943 to competitive bidding as required by section 27 of the charter did by an unwritten law proclaimed by it determine that it would reject all bids for repair that were in excess of fifty cents per square of one hundred superficial feet, and that all bidders were compelled to comply with this rule of the board. That while this rate might suffice for the first four or five years to pay the cost of the maintenance, it would not for the remaining period of nine years, and that because of this the contractor was compelled to bid so as to make his profits on the work of reconstruction.

The court upon the hearing found the main issue for the defendants and also rendered a decree sustaining the cross bill, and ordering the cancellation of the tax bill sued upon. The plaintiff appeals from the decree and assigns for error the refusal of declarations of law which it tendered, an erroneous declaration of law made by the court, and also that the judgment is against the weight of the evidence, and the relief granted unwarranted by the evidence.

In disposing of these assignments of error in the order named, we can not put the court in the wrong for refusing or giving any declarations of law. The action was originally one at law, but when the defendant interposed an equitable defense going to the *entire* claim of the plaintiff accompanied with a prayer for relief which a court of equity *alone* could grant, the action became triable as one in equity. *Hodges v. Black*, 8 Mo. App. 389; *Bayha v. Taylor*, 36 Mo. App. 427. That in actions which are purely equitable and are subject to review

WEIGHT of evidence: instructions.

on appeal on the weight of the evidence, instructions or declarations of law have no office to perform, has been frequently decided.

Proceeding to plaintiff's main complaint it is proper to say that there is no difference between this case and the *Verdin* case in the following particulars. The vice, if fatal, that the work for reconstruction of the street and the maintenance of the work after completion were invited *on the same offer for a bid,* is in both cases. That these two classes of work were bid for together by the same party, is a fact shown in both cases. In order to support the allegation in the cross bill that the price for maintenance was limited in these contracts to a certain sum, and that such limitation had a tendency to increase the price bid for reconstruction, the plaintiff offered in evidence some written suggestions made by the president of the board of public improvements to the board years ago. In this communication the following statement appears: "To prevent contractors from making their bids for maintenance excessive, the board of public improvements concluded to reject all proposals in case prices for maintenance asked by the bidders exceeded fifty cents per square and per annum (only in the first contracts for asphaltum payment, the amount payable for maintenance had been allowed at $1.00 per square)." While it did not appear that any official action was taken by the board of public improvements on this communication, it did affirmatively appear that no bid was acted on favorably thereafter in which the bid for maintenance exceeded the amount thus limited. The present president of the board of public improvements testified that to the best of his knowledge and belief the sum of fifty cents per annum and per square has not compensated the contractor for the maintenance, at least not for the entire period for which such mainte-

nance was required by the contract. The period of maintenance in this case was fixed at nine years, commencing one year after the said work of reconstruction is completed; or for a period of ten years from and after the completion of the work.

Thus it will be seen that the points on which the legal validity of the tax bill sued on in this case depend, have been decided adversely to plaintiff herein in the *Verdin* case. Whether rightly or otherwise concerns us not, since we are bound by the last controlling decision of the supreme court in either event, and this is the last controlling decision of that court.

It is true the *Verdin* case went off on demurrer. The facts, however, which were stated in the petition in that case are the same which the defendants state in their cross bill now, and which they have substantiated by evidence.

VOID contract: estoppel.

The fact on which the plaintiff now lays stress that the defendants stood passive and did nothing to warn the plaintiff's assignor that they would resist payment for the work, can not avail the plaintiff by way of estoppel, since the majority of the court in the *Verdin* case pointedly decided that an estoppel is not available when work is done upon a public street under a void ordinance or contract, and also that the void and valid parts of the contract were not separable in the *Verdin* case (which was in that respect identical with the case at bar), so as to enable the plaintiff to recover in part.

All the judges concurring, the judgment is affirmed.

### SUPPLEMENTAL OPINION.

ROMBAUER, P. J.—Our attention is called to the opinion of the supreme court in *Barber Asphalt Paving Company v. Ullman*, filed a few days ago, and since we filed the foregoing opinion in the case at bar. We have examined a copy of the opinion in that case, and

Bank v. Woesten.

find that a majority of the supreme court therein upholds the validity of a special tax bill issued by the city of St. Joseph under circumstances which can not be distinguished on principle from those under which the tax bill considered in the case at bar was issued. The opinion of the majority of the court in the *Ullman* case concedes that under the charter of the city of St. Joseph the cost of repair of streets can not be assessed against abutting owners, but has to be borne by the city, and yet holds that an ordinance and contract which provides that the contractor should maintain the work in good repair for a period of five years, in consideration of the price paid to him by the abutting owner for its construction, does not render a special tax bill invalid, which was issued to the contractor in payment of the work. In view of that holding we are in doubt whether the opinion filed by us in the case at bar is in harmony with the last controlling decision of the supreme court, since we do not see our way clearly to a reconciliation of the views entertained by a majority of the supreme court in the *Verdin* case, with the views expressed by a majority of that court in the *Ullman* case. Under these circumstances we best fulfill our constitutional duty by certifying the case to the supreme court, so that it may upon an inspection of the record and of our opinion herein determine whether such opinion is or is not in harmony with its *last* controlling decision. So ordered. All the judges concur.