KILGORE LUMBER COMPANY *v*. THOMAS.

Opinion delivered March 13, 1911.

CONTRACT—RELEASE—CONSIDERATION.—Mutual obligations imposed by a contract form a sufficient consideration for entering into it, and the reciprocal release from those obligations form a sufficient consideration for rescission of the contract.

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*McMillan & McMillan,* for appellant.

*Hardage & Wilson* and *John H. Crawford,* for appellees.

McCULLOCH, C. J.   Appellant sued appellees to recover the sum of $500 stipulated damages for alleged breach of a written contract, the material part of which contract is as follows:

"Whereas, the Kilgore Lumber Company, party of the first part, agrees to let Thomas &°Hammonds, party of the second part, cut all the merchantable pine timber 12 inches and up at the stump being and standing on one parcel of land, towit: west half of northeast quarter, east half of northwest quarter, west half of southeast quarter, east half of southwest quarter, containing in all 320 acres, more or less, and further agrees to pay said Thomas & Hammonds $9.25 for all lumber F. O. B. cars (board measure), including No. 2 common and better; said Thomas & Hammonds shall cut, grade and load said lumber as the Kilgore Lumber Company shall direct; the Kilgore Lumber Company shall pay to Thomas & Hammonds 85 per cent. cash on receipt of the bill of lading and invoice, balance 15 per cent. when cars are unloaded.   In case the said Thomas & Hammonds shall fail to cut part of it and quit, they shall pay to the Kilgore Lumber Company $500 as damages; and if they comply with the entire part of this contract, and the Kilgore Lumber Company should stop them from cutting, the Kilgore Lumber Company shall pay them $500.   Said timber must be removed within two years from June 2, 1907."

It is alleged in the complaint that appellees had cut only a small part of the timber mentioned in said contract, and then stopped and refused to cut any more, and that appellant had offered to perform the contract.

It is also alleged in the complaint that appellees had previously sued appellant before a justice of the peace on the contract for $219, the price of two carloads of lumber delivered under the contract, and had recovered judgment for that sum; that in that action appellant had pleaded as a counterclaim the $500 liquidated damages for breach of the contract, but that the circuit court on appeal had adjudged that the justice of the peace had no jurisdiction of the subject-matter of the counterclaim, the amount being beyond the jurisdiction of a justice of the peace.

Appellees, in their amended answer, denied that they had broken the contract. They alleged that appellant did not have any title to the lands or timber described in the contract, and that, after they (appellees) had cut a part of said timber, they were notified by the true owners, the Bartons, to stop cutting, which they did, and that they entered into a further agreement with appellant for a rescission of the contract.

The case was tried below solely on the issue as to the alleged rescission of the contract, and the jury returned a verdict in favor of appellees. There was sufficient evidence to sustain the verdict.

Error of the court is assigned in refusing the following instruction:

"And you are instructed that, even though you should find from the evidence that plaintiffs promised that, if defendants would ship in the lumber already cut, plaintiffs would pay for it, that would not be a consideration for the release, for the reason that under the written contract the defendants were already bound to ship in that lumber; and the plaintiffs were bound to pay for it."

Also in giving the following at request of appellees:

"If the jury find from the evidence that the plaintiffs and defendants entered into an agreement by the terms of which the defendants agreed to ship to plaintiffs two cars of lumber, and in consideration of that shipment the plaintiffs and defendants agreed to swap contracts or cancel the contract sued upon, and that the lumber was shipped to plaintiffs under that agreement, then and in that event your verdict should be for the defendants, Thomas & Hammonds."

The mutual obligations imposed by the contract formed sufficient consideration for entering into it, and the reciprocal release from those obligations likewise formed sufficient consideration for the rescission. 9 Cyc. 323, 597; 1 Page on Contracts, § 317. There was no error, therefore, in the instruction.

It is insisted that the position taken by appellees in the former action to recover the price of the two carloads of lumber estopped them to assert in the present action that the contract had been rescinded. An appeal was prosecuted to this court in the former action, and the opinion is reported in 95 Ark. 43 *(Kilgore Lumber Co. v. Thomas)*. Appellees sued on the con-

tract to recover the price of the two carloads of lumber which had been delivered; but, as they had a right to recover the price of lumber already delivered whether the contract was subsequently rescinded or not, they were not put to an election, and their positions in the two cases are not inconsistent. It is said, though, that the court's denial to appellant of the right to counterclaim in the former action on the ground that the time for performing the contract had not expired estops appellees to assert in this action a rescission of the contract. In that case the lower court and this court held that the justice of the peace had no jurisdiction to entertain the counterclaim for $500. The court went further in the opinion, and gave, as an additional reason why appellant could not use the amount sought to be counterclaimed as a defense by remitting the balance over the jurisdiction of the court, that the time for completing performance of the contract had not expired, and that the claim was premature. This was merely an additional reason given by this court for the correctness of its decision. Appellees had only questioned the jurisdiction of the court, and the question of rescission of the contract had not been reached in the court below. Appellees did not assert that the contract had been rescinded, and it was not important to do so. If there had been a rescission of the contract, appellees were not liable for a breach; and if there had not been a rescission, the time for performance had not expired, and appellees were not in default.

Upon the whole, we conclude that the case was fairly tried on conflicting testimony on the issue presented, and that the verdict should be sustained.

Affirmed.

Hart, J., dissenting.