TAYLOR v. WENTWORTH & CURTIS.
(No. 5808.)

(Court of Civil Appeals of Texas. San Antonio. March 7, 1917.)

1. CONTRACTS ⬳255—RESCISSION.

A contract may be rescinded by mutual agreement, the consideration being relief from the obligation of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1150.]

2. CONTRACTS ⬳254—WRITTEN CONTRACTS— RESCISSION BY PAROL AGREEMENT.

A written contract can be rescinded by parol agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1149.]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Suit by Mrs. I. M. Taylor against C. N. Wentworth and G. W. Curtis. From a judgment for defendants, plaintiff appeals. Affirmed.

Love & Ellis, of Uvalde, and Dawson & Anderson, of Corpus Christi, for appellant. E. B. Ward, of Corpus Christi, and G. B. Fenley, of Uvalde, for appellees.

SWEARINGEN, J. This is a suit by I. M. Taylor, appellant, against appellees, C. N. Wentworth and G. W. Curtis, to recover $960 as damages for breach of a written contract to deliver ten cars of oats; each car to contain 800 or 900 bushels, at the price of 38 and 40 cents a bushel, f. o. b. cars at Sabinal, Tex. Appellees, among other defenses, answered that the contract was mutually rescinded on the same day that it was made. The court rendered judgment in favor of Wentworth & Curtis.

Appellant assigns as error that there is no legal evidence to sustain the judgment. It appears from the testimony that a written contract substantially as alleged was entered into during the day of June 14, 1911. On the other hand, witness Curtis testified that,

within a few hours after signing the contract and delivering it, he rang appellant's agent for the purpose of canceling the contract, and that in that 'phone conversation it was mutually agreed to cancel the contract. Appellant's agent testified and admitted the conversation as testified to by Curtis, but said he told Curtis that he would do the best he could for him. The court determined the facts in favor of appellees, and by its judgment found that the contract was rescinded by mutual consent of both parties to the contract. The contract was executory, and no part had been performed by either party.

[1, 2] It is well settled that by mutual agreement a contract can be rescinded. The consideration is the relief from the obligation of the contract. Contracts and Sales, by Simpkins (3d Ed.) p. 523, § "a," citing numerous authorities. A written contract can be rescinded by parol agreement. Simpkins' Contracts and Sales (3d Ed.) p. 527, and authorities collated; Yockey v. Marion, 269 Ill. 342, 110 N. E. 34; Bright v. Briscoe (not yet officially reported) 193 S. W. 156. The evidence may be somewhat conflicting upon the issue of rescission by mutual agreement, but has been determined by the trial court in favor of appellees, and we do not feel that the testimony before us will justify us in disturbing that determination.

The judgment is affirmed.