### ASHLEY, DREW & NORTHERN RAILWAY COMPANY *v.* CUNNINGHAM.

### Opinion delivered June 11, 1917.

CONTRACTS—AGREEMENT TO EMPLOY—VARIATION BY PAROL.—Appellee joined in a conveyance to appellant the contract reciting "provided said railway company (appellant) shall give the said C. (appellee) position as brakeman (regular work), salary not less than $50.00 per month." *Held*, it was error to permit the appellee to testify that "I was to have the job as long as I was physically able and willing to give the service," appellant having employed appellee and then having dismissed him from its service.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; reversed.

*Henry & Harris* and *Gaughan & Sifford,* for appellant.

1. Incompetent testimony was admitted as to a verbal contract of employment made as a consideration for the right-of-way deal. This was error because the *whole* contract was reduced to writing and embodied in the deed, and oral evidence was not admissible to extend, modify or contradict the terms of the written instrument, and because Jack Curry was not the agent of appellant and the evidence does not show it had any knowledge of any agreement other than that written in the deed. Besides the alleged verbal contract, or the one expressed in the deed is unenforceable for lack of mutuality and definiteness. 64 Ark. 388, 406.

2.   A specified time for service by the employee was necessary to make a contract. *Ib.* 406; 38 Am. & E. Railroad Cases, p: 16; 37 Minn. 315; 39 Ark. 66.

3.   If there was a breach, it was waived. 77 Ark. 168.

4.   The instructions were erroneous and the verdict excessive.

*Williamson & Williamson*, for appellee.

1.   The evidence was not incompetent and was properly admitted as showing the consideration of the deed for right-of-way and what the contract really was in its entirety.   Only a part of the contract was in writing—the balance was verbal.   51 Am. St. Rep. 289, 293; 55 Ark. 112, 115; 75 *Id.* 90, 143; 90 *Id.* 426; 6 R. C. L. 857; 1 Labatt Master & Ser. (2 ed) 323, 328, 332, 334; 87 Am. St. Rep. 831.

2.   No mutuality was necessary.   87 Am. St. Rep. 831.   A contract for "permanent employment" is not void for uncertainty, indefiniteness, want of mutuality, or other reason, but will be enforced.   57 Am. St. Rep. 488; 84 *Id.* 575; 112 Mich. 651; 125 *Id.* 252; 71 N. W. 1; 60 Mo. App. 223; 1 Labatt M. & S. 554, and note and cases cited; 6 L. R. A. (N. S.) 439, 446; 64 Ark. 409.

3.   Even had the contract sued upon been a part of the deed, appellee would not be bound to enforce the forfeiture; but could sue for damages for breach.   26 Ark. 628; 59 *Id.* 411; 5 Am. St. 680; 36 *Id.* 350; 8 R. C. L. § 158-9, pp. 1100-1; 75 Tenn (7 La.) 397; 1 Labatt M. & S., p. 1101, and notes 7-8.

4.   There is no error in the instructions and the verdict is not excessive.   51 Am. St. 298; 87 *Id.* 826; 173 U. S. 1; 134 N. W. 815, and cases cited, *supra;* 110 N. Y. S. 787; 71 N. W. 148; 125 S. W. 981; Wood on Master & S. (2 ed.) p. 256-7, and many others.   See 188 S. W. 1186; 9 Cyc. 839, 698; 6 R. C. L. 1028, § 387.   As a whole the instructions are correct and the verdict sustained by *legal* evidence.

McCULLOCH, C. J.   Appellee instituted this action against appellant to recover damages sustained by reason of the breach of an alleged contract of employment, in consideration of the execution of a right-of-way deed. Appellee alleged in his complaint that he joined in the execution to appellant of a right-of-way deed through and over certain lands of the grantors, and that as a part of the consideration for the execution of the deed appellant agreed to employ him as brakeman at a salary of at least $50.00 a month, for and during his lifetime, or as long as he was physically able and willing to give the service.   Appellant denied the agreement and the cause was tried before a jury upon that issue, the trial resulting in a judgment in favor of appellee for the recovery of damages on account of the breach of the contract.   The deed recited a consideration of $1.00, paid, and contained the following provision, which was inserted after the description of the land, and preceding the *habendum* clause, towit:

"Provided said railway company shall give the said Cunningham position as brakeman (regular work) salary not less than $50.00 per month."

Appellee was permitted to testify, over objections interposed by counsel for appellant, that the person who solicited him to execute the right-of-way deed, and who procured the same for appellant, entered into an oral agreement with him in consideration of the execution of the deed, that the company would give him a job as brakeman, at a salary of $50.00 per month, and that "I was to have the job as long as I was physically able and willing to give the service."   The ruling of the court in permitting the evidence is assigned as error.   We are of the opinion that this assignment of error is well founded, as the testimony was incompetent for the reason that it is violative of the rule against the admission of oral testimony to alter or extend the terms of a written contract.   Counsel for appellee defend the ruling of

the court in reliance on some of our cases which hold that the rules of evidence are not violated in permitting oral testimony to establish an additional consideration for the execution of a deed or contract. *Kelly* v. *Carter,* 55 Ark. 112; *St. Louis & North Arkansas Rd. Co.* v. *Crandell,* 75 Ark. 90; *Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426.

The doctrine of those cases is, however, that the recitals of a deed concerning consideration do not form a part of the contract itself, and that it does not operate as a variance of the terms of a contract to prove an independent consideration.   The difficulty of applying that doctrine to the present case lies in the fact that the parties introduced into the writing the contract concerning this additional consideration, and, as that contract is complete in itself, it would necessarily operate as an alteration to prove additional terms by oral testimony. The written contract contains no definite specifications' as to duration, but that must be determined by construction of the language used, and it would undoubtedly constitute an alteration of the writing to permit oral testimony to establish the duration of the period of service provided for in the contract.   The contract does not specify, as has been done in some cases, hiring for life, or for permanent employment, as in others, or, as in still others, for employment at the will of the party who is to give the service, but it merely specified that appellant should give him a "position as brakeman," with the further specification of a minimum monthly salary. Such contracts are generally upheld, for, there being an independent consideration, it is not essential that there should be mutuality in the contract for hire. 1 Labatt's Master and Servant, § 88. The contract in the present case can only be construed to provide for hiring, not at the will of one of the parties, but at the will of both, and in this respect it differs from contracts which provide for service as long as the persons to be hired are willing to serve. It being for an indefinite period, it must be

construed as being terminable at the will of either party. *Fulkerson* v. *Western Union Tel. Co.,* 110 Ark. 144. Of course, a discharge after service for only a day or a week, or perhaps for a month, might be treated as an evasion of the contract, but since no time is specified in the contract, a hiring for any substantial length of time, and a refusal to give employment for a further time, would not constitute a breach.

There is no contention in the present case that there was an evasion of the contract by mere nominal employment, for according to the undisputed evidence, plaintiff was employed for a year and a half, and until appellant sold its road to another corporation. Appellee continued in the employment of appellant's successor in the same capacity for a short time and was then discharged.

Therefore, according to the undisputed evidence, there was no breach of the written contract, and since appellant is not permitted under established rules of evidence to vary or extend the terms of that contract, it follows that he has not made out a case for recovery of damages. The judgment is reversed and the cause is dismissed.