[No. 2698.     June 7, 1923.]

## EPSTEIN v. WAAS.

### (SYLLABUS BY THE COURT.)

(1)   The claimed error or defect inhering in findings of fact and conclusions of law are sufficiently called to the attention of the trial court, where they are excepted to in general terms, and requested findings are tendered which present the contentions of the party litigant, and an exception is taken to their refusal.     P. 610.

(2)   An executory contract, which involves title to or an interest in real estate, may be rescinded by a subsequent parol agreement of the contracting parties. ·     P. 611.

(3)   A mutual agreement of contracting parties to rescind their contract is not void for lack of consideration, as their being reciprocally absolved from further obligation under the contract constitutes a sufficient consideration to support the agreement.     P. 612.

(4)   A variance between the pleading and proof of a party litigant, which precludes a recovery, means a substantial and material difference, in that they depart from each other upon a material phase of the cause of action or defense.
P. 613.

(5)   Immaterial or inconsequential variances which do

not mislead or prejudice the opposite party, *should be disregarded.*                                        P. 613.

(6) Findings of fact which are not supported by substantial evidence will not be upheld on appeal.        P. 615.

Appeal from District Court, Bernalillo County; Hickey Judge.

Action by S. Epstein against Allan H. Waas. From an order sustaining defendant's motion for judgment, plaintiff appeals. Reversed, and remanded with directions.

Thomas J. Mabry, of Albuquerque, for appellant.
Marron & Wood, of Albuquerque, for appellee.

## OPINION OF THE COURT.

BRATTON, J. The parties hereto entered into a written contract whereby the appellant agreed to purchase from the appellee a certain apartment house situated in the city of Albuquerque at the agreed purchase price of $12,700. Of this sum, $500 was paid at the time the contract was executed. Shortly thereafter the appellant asserted that he had been misled with regard to the character of the premises and sought a rescission of the contract. It appears that negotiations concerning such rescission began on the same day and within a very short time after the contract had ben entered into, and while it was yet executory in character. The parties met at the office of an attorney, and pursuant to a conference held there mutually agreed to a rescission of the contract, and as a part of such agreement, appellee there agreed to return the $500 so paid, less the amount of commission to be charged by the broker who made the sale. The appellee then said that he was leaving on the afternoon train for Denver to transact some business and would return within a week and would then make settlement. When this agreement was entered into the appellant surrendered to the appellee his copy of the contract, as well as a receipt covering the $500 cash payment, and relinquished all rights which he

held under the contract. Such payment was not made, and this suit was instituted to recover the said sum.

At the time the appellant rested his case, the appellee moved the court for judgment. Three separate, material grounds were stated, namely: That the original contract for the sale of the premises was one which was required by the statute of frauds to be in writing, and that an agreement to rescind the same, also involving an interest in lands, must likewise be in writing; that such contract was without consideration; and that the contract pleaded in the complaint charged that the appellee agreed to return to the appellant the entire $500, while the evidence showed that he agreed to pay such sum less whatever charge the broker might make as a commission, and that therefore there was a variance between the contract pleaded and the one proven. At the time this motion was made, the appellant asked leave to amend his complaint by interlineation to conform to the proof in this regard. The court announced that the proposed amendment could not change the result, that in its opinion the agreement to rescind was without consideration, and sustained the motion upon that ground. He denied the motion with regard to the contract of rescission being required to be in writing.

[1] The appellee contends that we are precluded from considering the appellant's contentions because no proper exceptions were taken to the findings of the trial court. This cause was tried before the court without a jury, and under such circumstances the findings of fact are conclusive and are not subject to review as erroneous or defective, where the claimed error or defect were not called to the attention of the trial court. The purpose of this rule is to give to the trial court an opportunity to correct such error. In the instant case, the findings of fact and conclusions of law were excepted to in general terms, and the appellant then tendered to the trial court findings of fact, supporting his contentions with the request that

they be found, and, upon the court's refusal to so find, an exception was duly taken. This, we think, is sufficient to call to the attention of the trial court the contentions being made, and sufficiently pointed out wherein it was contended the court was falling into error. Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294.

In Osborne v. Osborne, 24 N. M. 96, 172 Pac. 1039, the court said:

"This case was tried to the court without a jury, and, as contended by appellee, it is well settled that when there is a trial by the court, without a jury, the findings of fact are conclusive, and are not subject to review as erroneous or defective, in the absence of proper exceptions thereto, which need not be formal, however. Under our statute, the complaining party is required in some manner to call the attention of the trial court to the claimed error, and give that court an opportunity either to avoid or correct the same."

[2] The first question discussed by appellant concerns the necessity for the contract of rescission being in writing. We could, with propriety, decline to decide this question, as the trial court agreed with him upon this phase of the case, and no cross-appeal or cross-assignments of error have been taken or presented by the appellee. It is perhaps preferable, however, to decide the same, so that the law with regard thereto may be declared. We agree with the trial court. The great weight of modern authority is to the effect that an executory contract involving title to, or an interest in, real estate may be rescinded by an agreement resting in parol. No detailed discussion of the rule is necessary.

In 25 R. C. L., p. 712, §357, it is said:

"The general rule permitting written contracts to be abrogated or rescinded by an oral agreement is fully applicable to contracts required by the statute of frauds to be in writing; and such a contract may be the subject of an oral accord and satisfaction, or may be recinded by a subsequent oral agreement."

And in Maupin on Marketable Title, §236, the rule is declared in this language:

"It has been decided that a rescission of a contract of sale of lands by mutual agreement, being a contract relating to real estate, is within the statute of frauds, and must be in writing, but the weight of authority is that a recission by' parol is valid."

While in Warvelle on Vendors, vol. 2, at section 826, the author·says:

"It has been held in some of the earlier cases that an agreement to rescind is as much an agreement concerning land as the original contract, and hence should be in writing; but all the later cases, both in England and the United States, are unanimous in affirming that a contract in writing, and by law required to be in writing, may in equity be rescinded by parol; and this even though the contract may have been under seal."

The texts referred to are supported by the weight of modern authority, with which we are in full accord.

[3] The next question which commands our consideration is the conclusion reached by the trial court that the mutual agreement of the parties to rescind the original contract was ineffectual because not supported by a valuable consideration. This seems to be the question upon which the case was decided below. We are unable to sustain this position. The courts are in accord upon this question, and they uniformly hold that an executory contract—that is, one which has not been completely performed on either side—may be rescinded by the mutual consent of the parties, and that such an agreement is not lacking of consideration. The agreement to annul on the one side is a sufficient consideration for an agreement by the opposite party to annul, and vice versa; the release of each party from further performance of the contract on his part is the mutual consideration which supports the agreement; their being reciprocally absolved from further obligation under the contract supplies the necesary consideration. In this case the seller was relieved from his obligation to convey the premises and part with the title thereto, while the purchaser was relieved from his obligation to accept the premises and pay the remainder of the agreed purchase price thereof. These

facts constituted the required consideration to support and give validity to the agreement. 13 C. J. p. 602, § 626; 6 R. C. L. p. 923, § 308; Hooke v. Great Western Lumber Co., 54 Cal. App. 681, 202 Pac. 492; Kilgore Lumber Co. v. Thomas & Hammonds, 98 Ark. 219, 135 S. W. 858; Sheetz v. Price, 154 Mo. App. 574, 136 S. W. 733; Messer Real Estate & Ins. Co. v. Ruff, 185 Ala. 236, 64 South. 51; Mackie Motors Co. v. Dearborn Truck Co., 192 Iowa, 458, 185 N. W. 22; Taylor v. Wentworth & Curtis (Tex., Civ. App.) 193 S. W. 158; Stoedter v. Turner et al. (Mo. App.) 237 S. W. 141; Motor Wheel Corporation v. Childs, 153 Ark. 178, 240 S. W. 417.

[4, 5] It is next urged that there is a variance between the appellant's pleading and proof; that the pleading charges that the appellee agreed to return to the appellant the entire $500, while the proof is that he agreed to pay such sum, less the amount which the commission broker, Fleisher, might charge. The proof clearly shows that the appellee agreed to return to the appellant the entire sum of $500, less whatever sum he was required to pay such broker, and it further shows that the broker made no charge, and appellee was therefore not required to pay him any sum whatever, so that the result of the appellee's agreement was to pay the entire sum to the appellant. Sections 4158 and 4159, Code 1915, provide:

"No variance between the allegation in the pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. When it shall be alleged that a party has been so misled, the facts shall be proved to the satisfaction of the court, showing in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just."

"When the variance between the allegation and the pleading and the proof is not material, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without costs."

The term "variance" when used in holding there is a difference between the pleading and proof of a

party litigant to such an extent that he cannot recover, means a material difference; that is, that they depart from each other upon a material and substantial phase of the cause of action or defense. We think the departure must be such as to mislead the opposite party to his prejudice in maintaining his action or defense. Courts have been liberal in disregarding immaterial and inconsequential variances which do not mislead nor prejudice the opposite party. This statutory enactment is in harmony with the general trend of the courts, which is to disregard immaterial variances. In 21 R. C. L. p. 611, § 153, it is said:

"It is a general rule that a variance between allegations and proof, to be fatal, must be such as to mislead the adverse party to his prejudice in maintaining his action or defense on its merits. The courts have been very liberal in giving effect to laws that permit variances to be disregarded, and amendments to be made conforming pleadings to proofs."

In reaching the conclusion that there was no material variance between the pleading and proof in this case, we are supported by the courts of other states which have statutes similar to ours. Feeney v. Standard Oil Co. (Cal. App.) 209 Pac. 85; Bigham v. Tinsley, 149 Mo. App. 467, 130 S. W. 506; Id., 160 Mo. App. 605, 140 S. W. 1193; Patterson et al. v. M. K. & T. Ry. Co., 24 Okl. 747, 104 Pac. 31.

[**6**] It is urged, upon the part of the appellee, that the court found that the agreement to rescind was contingent upon certain conditions with regard to the sale of the property, and as to the time of such payment, upon which the minds of the parties never agreed; and that it refused to make appellant's requested finding that they agreed to a repayment of such sum less whatever might be demanded by the commission broker. The finding so made is not supported by evidence. The appellee tendered no evidence whatever. All of the evidence supports the tendered finding, and none of it supports the findings made upon the subject mentioned. It is needless to cite authorities that findings of a trial court which are

not supported by substantial evidence will not be upheld upon appeal. Under the evidence submitted, the court should have made the tendered finding.

For the reasons stated, the cause should be reversed and remanded, with direction to overrule the appellee's motion for judgment, and to further proceed with the trial of the cause to its conclusion, and it is so ordered.

PARKER, C. J., and BOTTS, J. concur.