(No. 2951.   Feb. 17, 1925.)

MICHELIN TIRE CO. v. AKERS et al.

### SYLLABUS BY THE COURT

1.   A motion to strike the bill of exceptions should be sustained where it appears that the certificate as presented to the trial judge for signature recited both the presence of and due notice to counsel, and the judge struck out the recital of presence of counsel, and it is admitted that the recital of notice is not true.

2.   The responsibility is upon appellant to bring up a correct transcript, and it is his duty to see that the judge's certificate to the bill of exceptions correctly recites the facts regarding the presence of counsel and notice of settlement.

3.   On petition for certorari for diminution of the record for correction of the judge's certificate to the bill of exceptions to show waiver of notice of settlement, it appeared that appellant tendered to the judge for signature a certificate reciting both the presence of and due notice to appellee, both recitals being untrue.   HELD, that such showing is not special cause to satisfactorily account for failure to apply for the writ within 30 days after the filing of appellant's brief, as required by section 33, c. 43, Laws of 1917.

4.   On petition for certorari for diminuition of the record to show approval of cost bond, it appears that the clerk, by

inadvertence, omitted from the transcript the second page of cost bond upon which the clerk's approval was indorsed; that appellant was not at fault, and that he applied for the writ immediately after discovering the error. HELD, that this showing constitutes special cause accounting satisfactorily for failure to apply for the writ within 30 days after filing of appellant's brief, as required by section 33, c. 43, Laws of 1917.

5. The record showing that appellant, 2 days after the filing of findings of fact and conclusions of law, filed written exceptions thereto, and the judgment entered thereafter showing, by recital, that the making of the findings and conclusions was at appellant's request, and that he duly accepted thereto, HELD that appellant's contentions were brought to the attention of the trial court and may be reviewed.

Appeal from District Court, De Baca County; Hatch Judge.

Action by the Michelin Tire Company against T. G. Akers and others. From a judgment for defendants, plaintiff appeals. On appellee's motion to strike bill of exception and dismiss appeal, and appellant's petitions for certiorari for diminution of record· Motion to dismiss appeal overruled. First petition for certiorari sustained in part, and second petition for certiorari denied.

John F. Kelton, of Ft. Sumner, for appellant.

Keith W. Edwards, of Ft. Sumner, for appellees.

### OPINION OF THE COURT

WATSON, J. This cause is before us on appellee's motions to strike the bill of exceptions and to dismiss the appeal, and upon appellant's first and second petitions for certiorari for diminution of the record.

[1] 1. In his motion to strike the bill of exceptions, appellee urges that the record fails to show that counsel had 5 days' notice of intention to apply for the signing and settling of the bill of exceptions. The first paragraph of the judge's certificate to the bill of exceptions is as follows:

"And now on this 2d day of April, A. D. 1924, the plaintiff, Michelin Tire Company, and the defendant, W. K. Jones, ap-

peared by their (its) respective attorneys, Jno. F. Kelton, Esq., and Keith W. Edwards, Esq., and the said plaintiff submitted to be settled, signed and sealed by me the bill of exceptions in the above entitled cause; and it appearing that due and proper notice was given to the defendant by the plaintiff of its intention to apply to the undersigned for the purpose of having me sign, seal and settle the bill of exceptions in this cause at this time and place, and that there is no objection on the part of the defendant."

The words and the letter "s" in italics were, as is evident, stricken by the trial judge at the time of signing the certificate, and the word "its," in parenthesis, was by him written through the word "their."

In its brief upon this motion, appellant assumed that there had been no changes in the certificate as originally drafted, and took the position that it showed upon its face the presence of counsel for appellee, as well as due and proper notice. Later, however, appellant withdrew from this position and admitted both that appellee's counsel was not present at the settlement of the bill of exceptions, and that he had no notice of the time and place of actual settlement. It is plain from the judge's certificate that counsel for appellee was not present at the settlement. We do not deem it necessary to decide the effect of the recital of due and proper notice, since the appellant admits that it is not true. This would necessitate sustaining the motion to strike the bill of exceptions, unless appellant's second petition for certiorari for diminution of the record, which we shall next consider, is well taken.

[**2, 3**] 2, 3. Appellant seeks to correct the certificate of the trial judge to show the facts actually existing touching the presence of counsel and his notice of the settlement. Appellant's own statement of these facts is as follows: That he presented to counsel for appellee a waiver of notice of appeal and a wavier of notice of settlement of the bill of exceptions, the former of which was signed and the latter refused, counsel stating that he desired to see the stenographer's transcript before signing the latter waiver. At a later date, appellee's counsel stated to appellant's counsel that he would require the statutory notice and did not

wish to waive anything. Soon thereafter notice was served that appellant would apply for settlement of the bill of exceptions on March 17, at Tucumcari, at which time and place the matter was not taken up. Shortly thereafter appellant's counsel inquired of appellee's counsel if he had read the transcript, and was answered in the affirmative, and further, if he desired to be present at the signing and sealing of the bill of exceptions, and was answered in the negative. He then asked counsel for appellee for a letter to the trial judge to that effect, whereupon appellee's counsel addressed a letter to Judge Hatch stating, in substance, that he had read the transcript and found the same to be substantially correct. On March 31, an order was filed, dated March 28, granting at 10-day extension for settlement of the bill of exceptions. On April 2d, the trial judge was at Ft. Sumner, and appellant's counsel asked him to certify the bill of exceptions which he would find at the clerk's office, and a few days thereafter appellant's counsel discovered that the certificate had been signed.

Under the facts stated by appellant a new notice was required. Ojo del Espiritu Santo Co. v. Baca, 28 N. M. 509, 214 P. 768. The transcript was filed in this court on April 9, 1924, appellant's briefs were filed here on May 20, 1924, and the second petition for certiorari was filed here July 28, 1924. The petition having been filed more than 30 days after the filing of the briefs can only be granted upon such special cause as shall account satisfactorily for the delay. Section 33, c. 43, Laws of 1917. It is urged that appellant had good reason to consider counsel's conduct a waiver of notice. No doubt it had. However, the duty is upon appellant to bring to this court a correct transcript. Norment v. Mardorf, 26 N. M. 210, 190 P. 733. A most important part of that duty is to see that the judge's certificate to the bill of exceptions recites the true facts. Appellant tendered to the judge a certificate reciting presence of, and due notice to, counsel, when in fact a waiver was relied upon. The showing is not satisfactory. either in point

of diligence or otherwise, for which reason the petition must be denied, and it follows that the motion to strike the bill of exceptions must be sustained.

[4] 4. Appellee has moved to dismiss the appeal, his first ground therefor being that, as appears from the transcript, the cost bond was not approved by the district court clerk. In this connection, appellant, by its first petition for certiorari filed on June 23, 1924, shows that, by the clerk's inadvertence, a page of the cost bond was omitted, which, if supplied, would show that the cost bond was in fact approved; that counsel was not at fault in this regard, and that he made his application for the writ immediately upon discovery of the error. Accompanying the petition is the affidavit of the district court clerk corroborating the facts stated, and setting up a true copy of the cost bond, from which it appears that the same was approved on January 31, 1924. It is to be observed that this petition for certiorari was filed more than 30 days after the filing of the briefs. The showing of special cause, however, is deemed sufficient to meet the requirements of the statute above cited. A writ of certiorari will therefore issue to the clerk of the district court of De Baca county, requiring him to return under his certificate a true copy of the cost bond filed by appellant in this cause, with the indorsement thereon, showing the approval thereof, unless counsel choose, by stipulation, to dispense with the issuance of the writ and to treat the copy of such bond now here, authenticated by said clerk, as a part of the record.

[5] 5. In the motion to dismiss the appeal, it is also urged that the assignments of error filed herein raised no questions except such as require reference to the bill of exceptions for their determination, and, as the bill of exceptions has been stricken, there is nothing for consideration by this court. This appears to be true as to all assignments except Nos. 8 and 10, which seem to raise the question whether certain conclusions of law are supported by the findings of fact. It is further urged, in the motion to dismiss,

that no questions are properly before us because none were reserved in the court below. Included in the transcript, as a part of the record proper, are certain exceptions made by appellant to the findings of fact and conclusions of law which appear to have been filed on November 15, 2 days after the filing of the findings and conclusions. In the judgment filed December 13, 1923, it appears, by recital, that the findings of fact and conclusions of law, were made at appellant's request, and were duly expected to. In paragraph 4 is an exception to the conclusion of law "that the plaintiff at least impliedly released W. K. Jones, and is estopped to hold the defendant W. K. Jones for such further indebtedness, and cannot now recover from him," upon the ground (e) "that such conclusion of law is not supported by the findings of fact filed herein." This question appears therefore to have been reserved for review (Epstein v. Waas, 28 N. M. 608, 216 P. 506), and to be presented to this court by assignment of error.

It follows that appellee's motion to strike the bill of exceptions should be sustained, and his motion to dismiss the appeal overruled, and that the first petition for certiorari should be sustained to the extent hereinbefore indicated, and otherwise denied, and the second petition for certiorari should be denied, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.