PICKETT *v.* STATE.

## Opinion delivered October 12, 1925.

INDICTMENT AND INFORMATION—WRONGFUL PROCURING OF PUBLIC
FUNDS—VARIANCE.—Under Crawford & Moses' Digest, § 2833,
making it unlawful to receive public funds for one's own use, one
cannot be convicted upon proof that he received funds upon war-
rants issued to him under the order of the county court, though
the proof might tend to show that he obtained the funds under
false pretenses or by committing perjury in verifying the claim.

Appeal from Hempstead Circuit Court; *J. H. McCol-
lum,* Judge; reversed.

*W. S. Atkins* and *O. A. Graves,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Car-
ter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the cir-
cuit court of Hempstead County under § 2833 of Craw-
ford & Moses' Digest for the crime of unlawfully receiv-
ing public funds. He was later tried, convicted, and
adjudged to serve a term of five years in the State peni-
tentiary as a punishment therefor, and has duly prose-
cuted an appeal to this court from the judgment of con-
viction. The section under which appellant was indicted,
reads as follows:

"It shall be unlawful for any person or persons
whomsoever to borrow or receive any public funds from
any such officer, deputy, clerk, or employee, knowing the
same to be public funds, and for the purpose of convert-
ing or applying the same to his or their own use or bene-
fit, or the use or benefit of any other person or persons, or
of any corporation."

It is a part of act 137 of the Acts of the General
Assembly of 1891, which was passed for the purpose of
preventing officers or their deputies from lending public
funds under their control to any person, persons, or cor-
porations; and preventing any person, persons, or cor-
porations from borrowing or receiving such funds; and
requiring the officers to pay over such funds to their suc-
cessors in office. The statute was not intended to reach

or cover payments of public funds in redemption of warrants or in satisfaction of orders or judgments of courts.

The record in this case reflects that in the year 1922, Hempstead County bought some new jail cells from E. T. Barnum Iron Works of Detroit, Michigan, and employed appellant to install them. After installing them, appellant presented claims to the county court in the total sum of $4,800, which included the purchase price of the cells. The claims were allowed by the court, and warrants were ordered to be issued for same. Pursuant to the judgment, the clerk of the county court issued three warrants, aggregating $4,800 in payment of the judgment, which were presented by appellant to the treasurer. The treasurer issued checks for said amount, payable to appellant, on the Hope Savings Bank & Trust Company of Hope, Arkansas, the county depository, which were collected by him.

There is nothing in the record tending to show that appellant unlawfully borrowed or received public funds from any officer. On the contrary, the undisputed evidence shows that he received the fund upon warrants issued under the order and judgment of the county court. For this reason, there was a fatal variance between the proof and the allegations in the indictment. The proof might tend to show that appellant obtained the fund under false pretenses or by committing perjury in verifying the claim, but it wholly failed to show that he unlawfully received public funds from an officer within the meaning of § 2833 of Crawford & Moses' Digest.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to discharge appellant.