GERARD B. LAMBERT COMPANY *v.* FLEMING.

Opinion delivered October 19, 1925.

1. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.—Conceding that it was error in an action for breach of contract of life employment to instruct the jury to award as damages compensation which plaintiff would have received if he had been employed the remainder of his life, instead of limiting the amount of his recovery to the date of the trial, the error was harmless where the verdict allowed him compensation only from the date of his discharge up to the time of trial.

2. CONTRACTS—RELEASE—CONSIDERATION.—A contract entered into in consideration of the release by one of the parties of an asserted liability is based upon a sufficient consideration.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Moore, Walker & Moore,* for appellant.

*Sheffield & Coates,* for appellee.

McCULLOCH, C. J. Appellee instituted this action against appellant to recover damages arising from an alleged breach of contract of employment. It is alleged that appellee, while working in the service of appellant, sustained personal injuries by reason of the negligence of other servants of appellant; that appellant entered into a written contract with appellee whereby it agreed, in consideration of the release of appellant and its indemnitor from further liability on account of said personal injuries, appellant would give employment to appellee for the remainder of the latter's life at a salary of twenty dollars per month and board, and that appellant, after giving employment to appellee for a certain time, discharged the latter from service and refused to further employ him, said discharge being without cause. Damages were asked in the sum of $10,000, and on the trial of the cause the jury returned a verdict in favor of appellee, assessing damages in the sum of $720.

Appellant is a corporation operating in Phillips County, Arkansas, in the business of manufacturing lumber. Appellee sustained severe personal injuries while engaged with a crew of men in cutting and hauling tim-

ber. This occurred in the year 1916. There is a controversy whether appellee was employed by appellant or whether he was employed by one Snyder, who is claimed to have been working under an independent contract with appellant, engaged in cutting and hauling logs. The testimony adduced by appellee tends to show that he was employed by appellant, whereas the testimony adduced on the other side tends to show that appellee was employed by Snyder, an independent contractor.

After appellee's personal injuries occurred, a written contract was entered into between appellee and Taylor, who was appellant's woods-foreman, and Holbrook, appellant's general manager, whereby it was agreed that, in consideration of appellee's release of liability of appellant from damages for the injury and also the release of the surety company from liability, appellant should give appellee employment for life as a night watchman at a salary of twenty dollars per month and board. The contract was not introduced in evidence, but appellee and Taylor both testified to its execution, and there was no denial by any witness of the fact that the contract was executed. Appellee testified that he did not receive a copy of the contract, and that the original was retained by appellant. Appellant did not produce the contract nor attempt to controvert the fact that it was executed by Taylor and Holbrook on its behalf. It is undisputed that appellant immediately gave appellee employment as night watchman at twenty dollars per month, which was subsequently raised to thirty-five dollars per month, and gave him employment until January 3, 1921, when appellee was discharged. There is a conflict in the testimony as to whether the discharge was without just cause, and the verdict of the jury is, of course, conclusive upon the issues which were presented on conflicting evidence.

Counsel for appellant contend that an instruction should have been given submitting the question whether or not the contract was within the statute of frauds. We are of the opinion that the application of the statute of frauds is not involved in the case, for the reason that the

undisputed evidence shows that the contract was in writing. The fact that the writing was not introduced in evidence does not bring it within the operation .of the statute. Appellant did not dispute the fact that the contract was made, and that it was in writing, but relied upon the contention that neither Taylor nor Holbrook had authority to enter into the contract with appellee. There was testimony tending to show that neither Holbrook nor Taylor were authorized to execute such a contract, but there was evidence sufficient to establish their authority, or at least that it was within the apparent scope of their authority.

It is contended that the court erred in giving an instruction permitting appellee to recover, as damages, compensation that he would have received if he had been employed the remainder of his life, instead of limiting the amount of his recovery to compensation up to the date of the trial. Conceding that the court's charge was erroneous in that respect, all prejudice was eliminated by the verdict of the jury, awarding damages for only $720, which was barely sufficient to cover the compensation from the date of discharge up to the time of the trial. It is undisputed that appellee was to receive under the contract twenty dollars per month and board, and the jury awarded damages in the sum of $720, which was precisely three years' compensation. The verdict was rendered on April 30, 1924, which was three years and about four months after appellee's discharge from service. The burden of proof rested upon appellant to prove any reduction of damages that appellee could have secured through other employment (*Van Winkle* v. *Satterfield,* 58 Ark. 617), but no such proof was introduced.

It is established by adjudged cases that a contract of this character is enforceable. The validity of such a contract is based upon settled principles of law, the same as any other kind of contract. It must be based upon a consideration, but the release from an antecedent liability afforded such consideration.

Counsel contend that the court erred in modifying an instruction submitting, as a determining factor in the case, the question whether or not appellee was in the employ of appellant when he was injured. The instruction as requested by appellant was as follows: "Before the plaintiff can recover in this action you must find from a preponderance of the testimony that at the time of his alleged injury he was in the employ of the defendant." The court, over appellant's objection, modified the instruction by adding the words, "or that by the contract of release it conceded his employment." The instruction as requested by appellant was erroneous and should have been refused, for its language made the validity of the contract depend solely upon the fact that appellee was in the employ of appellant when injured. This is not correct for the reason that, if the contract was entered into in consideration of release by appellee of an asserted liability, there was sufficient consideration to uphold the contract. The instruction as modified by the court was therefore more favorable than appellant was entitled to, and there was no error in giving it in that form. Nor was there any error in refusing to give it as requested.

There was evidence legally sufficient to sustain the verdict upon every issue presented in the case, and we find that the issues were properly submitted to the jury upon correct instructions.

The judgment is therefore affirmed.