**ABBOTT v. ARKANSAS UTILITIES CO.**

**No. 13515.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 15, 1948.

George K. Cracraft, of Helena, Ark., for appellant.

J. G. Burke and Richard K. Burke, both of Helena, Ark. (John I. Moore, Jr., of Helena, Ark., J. W. House, and W. H. Holmes, both of Little Rock, Ark., Thomas C. Trimble, Jr., of Lonoke, Ark., and W. Horace Jewell, of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, THOMAS and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This appeal is from a judgment entered upon motion of appellee to dismiss on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The plaintiff declined to plead further and thereupon the court entered judgment of dismissal. We shall refer to the parties as they were designated in the trial court.

The complaint alleged that plaintiff was a mechanical and electrical engineer; that he had been employed by the defendant as

chief engineer in charge of operations of its numerous water works systems and light and power systems in eastern Arkansas for approximately twenty years prior to a certain day in May, 1939, at which time he had arrived at the age of 67 years and was receiving a salary of $300 a month; that at that time he entered into a verbal contract with the defendant, whereby in lieu of the then existing contract defendant agreed and promised to pay plaintiff the sum of $125 per month for the entire period of plaintiff's life in consideration of the promise and agreement on the part of the plaintiff that he would serve in the capacity of consulting engineer for said defendant and hold himself at all times in readiness to act in the capacity of consulting engineer with the understanding that he might perform services for others if he so desired, so long as such other work should not in any manner interfere with his employment, and with the further understanding that he would not engage in any employment that would be in conflict with and inimical to the interests of defendant; "that in consideration of said promises made by the defendant the plaintiff promised and agreed to perform said services of consulting engineer for a period of his life and not to take any employment that would interfere with his duties or be in conflict with or be inimical to the best interests of the defendant." It was also alleged that defendant for a period of approximately five years had paid plaintiff a sum of money in accordance with the terms of the contract and that the plaintiff had at all times performed the contract in accordance with its terms and held himself ready, willing and able to perform and is now ready, able and willing to perform it. It is then alleged that since January 1, 1944 defendant without cause had totally failed and refused to perform the contract as to the monthly payments and had repudiated its obligation to perform.

The court filed no opinion but appellee in its brief states that the grounds relied on to sustain its motion were "(1) that the promise of the appellant to hold himself in readiness to act as consulting engineer for the appellee was not sufficient consideration or evidence of intention of the parties to sustain and make binding an agreement by

the appellee to pay a salary of $125 per month for the rest of appellant's life, and (2) that the terms of the purported contract as set out in the complaint are not sufficiently definite and certain to constitute an enforceable agreement."

With commendable frankness counsel for plaintiff concedes at the outset that this court is bound by the Arkansas decisions, if any, and that if the law of Arkansas is in doubt due to conflicting decisions, this court will resolve the matter in favor of the District Court's interpretation and that it can only follow its own former decision in Eggers v. Armour & Co., 8 Cir., 129 F.2d 729, 731, based upon general law, in the event that there is no applicable local law.

In Eggers v. Armour & Co., supra, this court held that the situation there involved had never been considered by the Iowa appellate court and hence, there was no applicable law of Iowa, and it was held that a contract for lifetime employment "will be given effect, according to its terms, if the intention of the parties to make such an agreement is clear, even though the only consideration for it, so far as the employer is concerned, is the promise of the employee to render the service called for by the contract."

Our first inquiry must be: What is the applicable Arkansas law? In considering the question as to the prevailing law of a state where the appellate court of that state has not definitely settled the question, the decision of the Federal District Court of the particular state within which it was located should not be overruled on appeal unless the appellate court is convinced that that determination is clearly erroneous. Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709; Globe Indemnity Co. v. Wolcott & Lincoln, 8 Cir., 152 F.2d 545; Doering v. Buechler, 8 Cir., 146 F.2d 784; Best et al. v. Crown Drug Co., 8 Cir., 154 F.2d 736; Elder v. Dixie Greyhound Lines, 8 Cir., 158 F.2d 200; MacGregor v. State Mutual Life Assur. Co., 315 U.S. 280, 62 S.Ct. 607, 86 L.Ed. 864.

In Eggers v. Armour & Co., supra, being of the view that there was no applicable law in Iowa, we followed what we

believed to be the general prevailing common law rule. By statute the common law was adopted in Arkansas unless altered or repealed by the legislative assembly of that state, but it is conceded that neither by statute nor by decision has the question here involved been determined in the State of Arkansas. The contract here pleaded, which is admitted by the motion, is a specific, definite bilateral contract as distinguished from a unilateral contract. Such a contract has been referred to as one in which there are reciprocal promises so that there is something on both sides to be done or foreborn. It is "a promise for a promise"; that is, one in which there are mutual promises between two parties to the contract. 17 C.J.S., Contracts, § 8. The term "unilateral contract" has been criticized as a misnomer and it has been applied to various situations, the term being frequently employed to express absence of mutuality, but for our purpose here it may be defined as a contract in which a promisor receives something more than a promise as compensation for his promise. Suffice it to say that the distinction has been recognized by the Supreme Court of Arkansas. Thus in Biscoe v. Deming Inv. Co., 148 Ark. 525, 230 S.W. 592, 596, it is said: "The instrument which is the foundation of this action does not by its terms impose any obligation upon the appellee to render any service to the appellants in procuring the loan mentioned in the instrument. The contract is one purely unilateral, and it therefore cannot be enforced unless the appellee performed the service which it was employed to render."

In a bilateral contract mutual obligations are requisite and the promise which one makes is a sufficient consideration for the promise which the other makes. That such mutual promises constitute a sufficient consideration has been recognized by the Supreme Court of Arkansas. Kilgore Lumber Co. v. Thomas & Hammonds, 98 Ark. 219, 135 S.W. 858; Eustice v. Meytrott, 100 Ark., 510, 140 S.W. 590; Grayling Lumber Co. v. Hemingway, 124 Ark. 354, 187 S.W. 327. In Kilgore Lumber Co. v. Thomas & Hammonds, supra [98 Ark. 219, 135 S.W. 859], the court, among other things, said: "The mutual obligations imposed by the contract formed sufficient consideration for entering into it."

Again, in Eustice v. Meytrott, supra [100 Ark. 510, 140 S.W. 591], the court said: "The mutual promise of the parties will constitute a sufficient consideration for a valid agreement, but where there is no promise upon the part of one of them, as a consideration for the promise of the other, there is no valid contract."

In Grayling Lumber Co. v. Hemingway, supra [124 Ark. 354, 187 S.W. 328], the court said: "It is a general principle in the law of contracts that an agreement entered into between parties to a contract in order to be binding must be mutual; and this is especially so when the consideration consists of mutual promises."

Conversely, it would seem to follow that where the consideration consists of mutual promises the contract is a valid one. In Restatement of the Law of Contracts, Section 75, devoted to the definition of consideration, subdivision d reads as follows: "In unilateral contracts the consideration is something other than a promise. It may be a specified act or forbearance, or any one of several specified acts or forbearances of which the offeree is given the choice, or such conduct as will produce a specified result. The offeror may also offer or request as consideration the creation, modification or destruction of a purely intangible legal relation. Not infrequently the consideration bargained for is an act with the added requirement that a certain legal result shall be produced. In bilateral contracts the consideration is a return promise. What amounts to a promise is defined in Section 2. Consideration may consist partly of promises and partly of other acts or forbearances. Though a promise is itself an act, it is in this connection distinguished from all other acts."

Defendant, while acknowledging that the Supreme Court of Arkansas has not passed upon the question here involved, contends that certain expressions in three cited opinions indicate what that court would probably hold. These cases are as follows: Ashley, Drew & N. Ry. Co. v. Cunningham, 129 Ark. 346, 196 S.W. 798; Gerard B. Lambert Co. v. Fleming, 169 Ark. 532, 275

S.W. 912; Federal Compress & Warehouse Co. v. Hall, 209 Ark. 274, 189 S.W.2d 922. In Ashley, Drew & N. Ry. Co. v. Cunningham there was an action for breach of contract based upon an agreement to furnish the plaintiff employment at $50 a month as part of the compensation for a right-of-way deed. The deed, however, recited that the Railway Company "shall give said Cunningham position as brakeman (regular work), salary not less than $50.00 per month," [129 Ark. 346, 196 S.W. 799.] and the court held that parol evidence was not admissible to vary the terms of the recital in this deed. In that case the court said that,

"The written contract contains no definite specifications as to duration, but that must be determined by construction of the language used, and it would undoubtedly consitute an alteration of the writing to permit oral testimony to establish the duration of the period of service provided for in the contract. The contract does not specify, as has been done in some cases, hiring for life, or for permanent employment, as in others, or, as in still others, for employment at the will of the party who is to give the service, but it merely specified that appellant should give him a 'position as brakeman,' with the further specification of a minimum monthly salary.

"Such contracts are generally upheld; for, there being an independent consideration, it is not essential that there should be mutuality in the contract for hire."

It is argued that this decision is an indication that the Supreme Court of Arkansas will hold that such a contract can only be sustained where there is an independent consideration in addition to the promise to perform services. It is observed, however, that the contract there considered was a unilateral contract which did not involve mutual promises of the parties. We think there is nothing in the decision to indicate that where there are mutual promises such consideration would not be good. In fact, that case is somewhat similar to the case of Faulkner v. Des Moines Drug Co., 117 Iowa 120, 90 N.W. 585, which was considered by us in Eggers v. Armour & Co., supra.

The next case relied upon is that of Gerard B. Lambert Co. y. Fleming, supra. In that case plaintiff brought action for damages resulting from the breach of a contract to give him employment for life. The court upheld the contract which again was a unilateral one, on the ground that the plaintiff in that case had given the defendant a release from liability for injuries and this the court held was a sufficient consideration. The court said [169 Ark. 532, 275 S.W. 913]: "The validity of such a contract is based upon settled principles of law, the same as any other kind of contract. It must be based upon a consideration, but the release from an antecedent liability affords such consideration."

It is observed that the court in referring to a contract for life employment said that such a contract is based upon the same principles of law as any other kind of contract. All contracts must, of course, have a consideration. The contract there considered was based upon the consideration for release of liability from damages. In the instant case the consideration pleaded is the mutual promises of the parties. We are clear that there is nothing in this case indicating that a bilateral contract for life employment based upon a promise to employ on one side and a promise to perform for a definite duration on the other is not enforcible under the laws of Arkansas. In the Lambert case there was nothing to indicate that the employee had promised to perform or in fact do anything except forbear to sue for damages. The decision does contain a declaration that a contract for life employment is based upon settled principles of law, the same as any other kind of contract.

The next case urged by defendant in support of the judgment appealed from is that of Federal Compress & Warehouse Co. v. Hall, supra. In this case the superintendent of the Federal Compress & Warehouse Co. brought action for damages for wrongful discharge. He alleged that while employed he had received injuries due to negligence of the employer and that he had released the employer from liability on the employer's agreement to pay him $200 a month for the balance of his life. The court found that

there was no substantial evidence sustaining the claim of liability against the employer or that he had ever asserted such a claim and that the payments made him were voluntarily made. The court held that an agreement not to exercise a legal right was a valid consideration to support a contract, but held that there was no liability or claim of liability to be released. In the course of the opinion it is said [209 Ark. 274, 189 S.W.2d 925]: "The controlling question in this case is: Did appellee, at appellant's request, refrain from the exercise of a legal right to assert or prosecute a claim for damages for personal injuries pursuant to and in consideration of appellant's promise to pay him $200 per month the remainder of his life? The testimony on behalf of appellee has been reviewed in considerable detail. It is the opinion of the majority that when such testimony is viewed in the light most favorable to appellee, there is no substantial evidence to support the verdict of the jury on this question."

It is argued by defendant in this case that the court by implication held that there must be some independent consideration for an agreement for life employment in addition to the agreement by the employee to perform. That question, we think, was clearly not involved. The plaintiff in that case claimed specifically that he had, as a consideration for the alleged contract, released his claim for damages for personal injuries. The court found that this contention was not sustained by substantial evidence.

Each of the three cases relied upon involved unilateral contracts, while in the instant case plaintiff pleads definitely a bilateral contract. There being no decision nor considered dictum by the Supreme Court of Arkansas sustaining the judgment in this case, we may rely upon the general law, particularly as expressed by us in the Eggers case. Anderson v. Sanderson & Porter, 8 Cir., 146 F.2d 58; Cooney v. Cooper, 8 Cir., 143 F.2d 312; Hornstein v. Kramer Bros. Freight Lines, 3 Cir., 133 F.2d 143; Adam Hat Stores v. Lefco, 3 Cir., 134 F.2d 101.

The judgment appealed from is therefore reversed and the cause remanded for further proceedings consistent herewith.